***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. At all times relevant to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Genpak is the employer and Gallagher-Bassett Services, Inc., is the servicing agent.
3. The employer-employee relationship existed between plaintiff and the defendant-employer on June 21, 2002.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff worked for defendant-employer on June 21, 2002, as a forklift driver.
2. Plaintiff's average weekly wage was $391.42, and his compensation rate was $261.08, at the time of his accident.
3. On June 21, 2002, plaintiff sustained an injury by accident while driving a forklift at work when a battery exploded on the forklift and knocked him backwards into a rail.
4. Plaintiff did not miss any work as a result of the June 21, 2002, incident.
5. Following the incident, plaintiff underwent a urine drug screen specimen, which revealed a positive test for cannabinoid.
6. Subsequently, on July 9, 2002, plaintiff was terminated effective July 8, 2002, as a result of this positive drug test, which violated defendant-employer's company policy.
7. Plaintiff did not produce sufficient medical evidence to show that he sustained compensable injuries entitling him to further benefits under the North Carolina Workers' Compensation Act.
8. Plaintiff submitted a medical record from Piedmont Ear, Nose and Throat Associates dated June 23, 2002. Plaintiff also submitted a January 20, 2004, letter from the State of South Carolina, Department of Health and Human Services, stating that he had applied for Medicaid. Additionally, a medical record from the Chester County Hospital Outpatient and Emergency Section was admitted into evidence.
9. None of the aforementioned medical records establish that plaintiff sustained any compensable injuries entitling him to benefits under the North Carolina Workers' Compensation Act. None of these records indicate any permanent partial impairment ratings, and none contain permanent work restrictions.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to show that he is entitled to any benefits under the North Carolina Workers' Compensation Act, as he did not suffer from any disability related to the injury by accident that he sustained on June 21, 2002. N.C. Gen. Stat. § 97-2(6),
2. Plaintiff has failed to show that he sustained any permanent injuries entitling him to benefits for scheduled injuries under N.C. Gen. Stat. § 97-31.
3. Because plaintiff sustained no permanent injuries, or injuries that disabled him from work, he is not entitled to compensation for either total or partial incapacity. N.C. Gen. Stat. §§ 97-29 and 97-30.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for disability compensation pursuant to the Workers' Compensation Act is denied.
2. Each side shall bear its own costs.
This 31st day of May 2005.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER